UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:19-40-KKC-2 |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| JONATHAN MENDOZA-RICARDO, | |
| Defendant. | |

\* \* \* \* \* \* \* \*

This matter is before the Court on the Defendant Jonathan Mendoza-Ricardo's ("Defendant") emergency motion requesting that the Court order his release from prison. (DE 142). Defendant pleaded guilty, on June 25, 2019, to conspiring to distribute 100 kilograms or more of marijuana. (DE 90). He was sentenced to 60 months of imprisonment by judgment dated September 19, 2019. (DE 111). He now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." For the following reasons, the motion is **denied**.

I.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights

to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. Here, the government concedes that more than 30 days have passed since Defendant requested the Warden to file a motion for a compassionate release on his behalf (DE 148 at 2-3). Therefore, the Court has authority to consider Defendant's request for compassionate release.

## II.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has recently determined the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980

2

F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in §1B1.13's application note. *See id.*; *United States v. Elias*, __F.3d__, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

In this case, Defendant has not presented evidence that his health conditions or familial circumstances present any more serious circumstances than any other defendant incarcerated during the COVID-19 pandemic. Even assuming, however, that extraordinary and compelling circumstances do exist that warrant a sentence reduction, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 2020 WL 6817488, at *6. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

(3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Defendant's sentencing hearing and has reconsidered them for purposes of this motion. Defendant was convicted of a serious and violent offense; namely, conspiring with others to distribute over 100 kilograms of marijuana. Inside of a residence where he was observed leaving, police located an AR-15 rifle with a loaded magazine and an SAR ARMS model SAR B6P pistol with a loaded magazine. (DE 117, ¶ 8). He later admitted that the firearms found inside the residence were "reasonably foreseeable to him" for purposes of carrying out drug trafficking. (*Id.*, ¶12)

Defendant claims that he has no criminal history, but based upon the record before it, the Court cannot find that Defendant would not pose a danger to the safety of any person or the community if he were to be released. For starters, Defendant has only served about one-third of his 60-month-long sentence. In addition, his drug trafficking offense suggests that he poses a continued danger to the safety of the community. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community."). Considering the need for Defendant's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

## III.

Accordingly, in consideration of the § 3553(a) factors, for the reasons stated in this opinion and at the time of Defendant's sentencing, it is not appropriate to order his release at this time. The Court **HEREBY ORDERS** that Defendant Jonathan Mendoza-Ricardo's motion for compassionate release (DE 142) is DENIED.

Dated February 1, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY